IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| REGINA ELMORE, | ) | Civil Action No. 2:07-CV-01328-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| AARON RENTS, INC., d/b/a | ) | |
| AARON SALES AND LEASE | ) | |
| OWNERSHIP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On May 9, 2007, Plaintiff Regina Elmore ("Plaintiff") filed this action against her former employer, Defendant Aaron Rents, Inc. ("Defendant"). She brings this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., as well as the South Carolina Human Rights Act.[1] This matter is before the court on Defendant's Motion for Summary Judgment, which was filed on February 14, 2006. See Fed. R. Civ. P. 56. Plaintiff filed a memorandum in opposition to Defendant's motion on March 3, 2008, to which Defendant filed a reply on March 13, 2008. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on August 13, 2008.

---

[1] Plaintiff also brought claims for age discrimination, breach of contract, and denial of equal pay. These claims have been conceded by Plaintiff.

1

The Magistrate Judge determined, among other things, that Plaintiff: (1) failed to establish a claim of gender discrimination based on Defendant's decision not to promote her; (2) failed to establish a prima facie case for constructive discharge; (3) failed to establish a claim for hostile work environment; and (4) failed to establish a prima facie case for retaliation. Accordingly, the Magistrate Judge recommended that Defendant's motion be granted. On September 2, 2008, Plaintiff objected to the Magistrate Judge's Report. Defendant did not respond to Plaintiff's objection.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portion of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set fourth fully in the Magistrate Judge's Report. Defendant Aaron Rents, Inc., is a corporation having a national retail chain of stores that rents, leases, and sells residential and office furniture. Plaintiff, who is female, began working at Defendant's Kissimmee, Florida store as an accounts advisor on January 16, 2002. (Pl.'s Mem. at 1; Def.'s Mem. at 2). Shortly thereafter, she was promoted to the position of accounts manager and worked in that position for one year until she resigned to seek medical treatment. Plaintiff later returned to work for the Defendant in the St. Cloud, Florida store where she was promoted to sales manager.

In August 2003, Plaintiff was offered a promotion to the position of general manager in an under-performing store in North Charleston, South Carolina. (Pl's. Dep. at 85). Prior to accepting the position, Plaintiff was aware that the North Charleston store had many problems and would be a challenge to manage. (Pl.'s Dep. at 93). Plaintiff also knew that her performance as general manager would be measured by whether she met certain goals based on factors listed in the monthly Store Performance Reports. (Pl.'s Dep. at 102-08). The factors included things such as the amount of revenue collected each month as compared with the divisional average, the pretax profit percentage of the store, and the net revenues of the store. See id.

The North Charleston store saw improvement in some of the specified areas. (Pl.'s Ex. 1). However, the store was underperforming in the areas of collections and charge-offs (Pl.'s Dep. at 132). Therefore, in June 2004, around ten months after Plaintiff became general manager, the regional manager placed Plaintiff on a 60 Day Action Plan (the "Plan"). (Pl.'s Dep. at 131-34; Sparks Dep. at 49). The Plan provided Plaintiff with a written list of the areas she needed to improve. (Pl.'s Dep. at 133). However, after the 60 Day Action Plan period expired, the store still was not performing above the regional average in some of the areas targeted by the Plan. (Pl.'s Ex. 1).

Since Plaintiff was not able to improve the North Charleston store, the regional manager gave her a choice between being terminated or demoted to accounts manager at the Summerville, South Carolina store. (Pl.'s Dep. at 137). In August 2004, Plaintiff opted to be demoted and retrained. She was informed that she could have an opportunity to become a general manager again if her performance improved. (Pl.'s Dep. at 137-38). However, she was not guaranteed a promotion back to the position of general manager. (Pl's. Dep. at 138).

During Plaintiff's employment at the Summerville location three general manager positions opened. The positions all were filled by males. (Pl.'s Dep. at 223).

In late 2005, Plaintiff was offered a general manager position in a new store Defendant purchased in New Jersey. (Pl.'s Dep. at 216). Plaintiff turned down the position because she did not want to relocate and she believed that another general manager position in the Charleston area would become available. (Pl.'s Dep. at 217). Plaintiff continued to work at the Summerville store until February 8, 2006. Plaintiff stated that she resigned because Defendant was discriminating against her on the basis of sex. (Pl.'s Dep. at 32).

Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission and U.S. Equal Employment Opportunity Commission on January 26, 2006, alleging "employment discrimination on basis of sex and gender discrimination and failure to hire." (Compl. at 1). Plaintiff received notification of the Right to Sue from the South Carolina Human Affairs Commission on or about February 1, 2007. (Compl. at 1).

## II. DISCUSSION

A.     Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which

a jury could draw inferences favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving part makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. Id. Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees of Mayland Cmty. College, 955 F.2d 924, 928 (4th Cir. 1992).

B.     Plaintiff's Failure to Promote Claim

Plaintiff contends that the Magistrate Judge erred in finding that Plaintiff failed to rebut Defendant's articulated legitimate, nondiscriminatory reason for the decision to promote Plaintiff to a general manager position. The court disagrees.

In the context of a failure-to-promote claim, Plaintiff must show: (1) that she is a member of a protected class; (2) that she applied for the position in question; (3) she was qualified for that position; and (4) she was rejected under circumstances that give rise to an inference of unlawful discrimination. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005).

In this case, Plaintiff is a female, and thus a member of a protected class. While there is no evidence that Plaintiff specifically applied for a position as general manager, she took the demotion in order to be retained and considered for a general manager position when her skills improved. Plaintiff was qualified for the open positions, as evidenced by her being offered a general manager position in New Jersey. The jobs at issue all were filled by males. Because the burden of making out a prima facie case is not onerous, Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981), the court concludes, for purposes of summary judgment, that Plaintiff satisfied the first prong of the test.

Once Plaintiff makes out a prima facie case, a rebuttable presumption of discrimination arises and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged employment decision. St. Mary's Honors Center v. Hicks, 509 U.S. 502 (1993). If the employer articulates an appropriate reason, the burden falls on the plaintiff to establish that the legitimate reasons offered by the defendant were not its reasons, but were pretext for discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).

Defendant contends that it promoted Plaintiff's male co-workers ahead of her based on the regional manager's belief that each of the male associates had better relative work performance with Defendant, had broader relative prior work experience, had more formal education, and had not had a history of performance and disciplinary problems. Plaintiff acknowledges that she received at least six disciplinary actions for violating various company policies while she was working at Defendant's Summerville location. (Pl.'s Dep. at 151-210.) The court concludes that Defendant has satisfied its burden of producing a legitimate, nondiscriminatory reason for failing to promote Plaintiff.

Once a defendant has proffered a legitimate non-discriminatory reason for its action, the burden shifts back to Plaintiff to offer sufficient evidence upon which a reasonable jury could find, by a preponderance of the evidence, that the Defendant's proffered reason was not its true reason, but was instead a pretext for discrimination. See DAG Petroleum Suppliers v. BP P.L.C., 268 F. App'x 236, 240 (4th Cir. 2008).

Plaintiff claims that she had the experience and proven track record as general manager for Defendant, having taken on a poorly performing store and turning it around to a profitable store. Plaintiff's contentions are not enough to overcome Defendant's proffered reason for failing to promote Plaintiff. At this stage of the analysis, "'[i]t is the perception of the decision maker which

is relevant,' not the self-assessment of the plaintiff." Evans v. Technologies Applications & Serv. /Co., 80 F.3d 954, 960-61 (4th Cir. 1996)(quoting Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980)). Plaintiff's objections are without merit.

C.     Plaintiff's Constructive Discharge Claim

Plaintiff contends that the Magistrate Judge erred in finding that Plaintiff failed to establish her prima facie case of constructive discharge. The court disagrees.

Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job. A plaintiff alleging constructive discharge must prove two elements: (1) deliberateness of the employer's action; and (2) intolerability of the working conditions." Munday v. Waste Mgmt. of N. Am., 126 F.3d 239, 244 (4th Cir. 1997). Plaintiff's burden is not light:

> "Intolerability" is not established by showing merely that a reasonable person, confronted with the same choices as the employee, would have viewed resignation as the wisest or best decision, or even that the employee subjectively felt compelled to resign[;] . . . [r]ather, intolerability is assessed by the objective standard of whether a reasonable person in the employee's position would have felt compelled to resign-- that is, whether he would have had no choice but to resign.

Blistein v. St. John's College, 74 F.3d 1459, 1468 (4th Cir. 1996) (quoting Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985) (internal citations and quotations omitted)).

Plaintiff contends that she was subject to continuous harassment and disciplined until she was forced to resign. In the court's view, Plaintiff failed to present any evidence that she was subjected to unreasonably harsh working conditions in excess of those faced by her co-workers. Plaintiff admitted to the viability of many of the disciplinary actions taken. The fact that Defendant offered

Plaintiff a general manager position in 2005 belies an intent to force Plaintiff to resign. Plaintiff's objection is without merit.

D.  Plaintiff's Retaliation Claim

Plaintiff contends the Magistrate Judge erred in rejecting her retaliation claim. The court disagrees.

In order to establish a prima facie case of unlawful retaliation, an employee must show "(1) that she engaged in protected activity; (2) that her employer took an adverse employment action against her; and (3) that a causal connection existed between the protected activity and the asserted adverse action." See Munday v. Waste Mgmt. of North America, Inc., 126 F.3d 239, 242 (4th Cir. 1997). An employer may rebut the prima facie case by producing evidence of a legitimate, non-discriminatory reason for taking the adverse employment action. Id. If the employer produces such reasons, the employee must demonstrate that the proffered reasons are pretextual. Id.

Plaintiff alleges that she was not promoted and she was constructively discharged in retaliation for engaging in protected activity. Plaintiff called Defendant's discrimination hot line on May 9, 2005. However, Plaintiff was placed on the 60 Day Action Plan and received counseling for disciplinary infractions prior to her May 9, 2005 telephone call. The court discerns no causal connection between Plaintiff's protected activity and the asserted adverse actions. Plaintiff's claim is without merit.

E.  Plaintiff's Hostile Work Environment Claim

Plaintiff contends that the Magistrate Judge erred in rejecting Plaintiff's claim that she was subjected to a hostile work environment in retaliation for her complaint of gender discrimination. The court disagrees.

In order to establish a prima facie case for a hostile environment claim, the Plaintiff must show: (1) she engaged in a protected activity; (2) she was subjected to unwanted harassment; (3) the unwelcome harassment was causally connected to her protected activity; (4) the harassment was severe and pervasive; and (5) a basis exists for imputing liability to the employer. Fleming v. South Carolina Dep't of Corrections, 952 F. Supp. 283 (D.S.C. 1996).

As the Magistrate Judge noted, Plaintiff's hostile work environment claim is merely an extension of her retaliation claim. The court discerns no evidence in the record to support a finding of harassment in the work place. Moreover, five of the disciplinary actions taken against Plaintiff were prior to her gender discrimination complaint, and two of those actions were in regard to Plaintiff's poor performance on assessments that were conducted by an independent agency. Disciplinary action taken by Defendant prior to Plaintiff's protected activity cannot be casually connected to Plaintiff's protected activity of filing a gender discrimination complaint. Plaintiff's claim is without merit.

### III. CONCLUSION

The gravamen of Plaintiff's objections is that the Magistrate Judge did not construe the facts in her favor. The court has thoroughly reviewed the record, including Plaintiff's deposition. The court concurs in the Magistrate Judge's conclusion that Plaintiff has failed to establish that genuine issues of material fact exist as to her claims of discrimination. The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant's Motion for Summary Judgment (Entry 61) is hereby

granted.

**IT IS SO ORDERED.**

                                                          s/Margaret B. Seymour
                                                          Margaret B. Seymour
                                                          United States District Judge

September 30, 2008

Columbia, South Carolina